RAMONA FRANCISCA COLÓN RIVERA ET AL., Plaintiffs and Appellants, v. ANTONIO CARRO, Defendant and Appellee.

No. 10558. Argued December 11, 1952.—Decided May 14, 1953.

*Angel Roberto Díaz* for appellants. *F. Fernández Cuyar* for appellee.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

Ramona Francisca Colón Rivera, together with her sisters Estela and María Victoria and with her brother José María, filed this suit against Antonio Carro to revendicate four joint ownerships, each of one twenty-fourth units, on a land property located at Barrio Cuchillas in Corozal. In an amended complaint filed before the former District Court of Bayamón, they averred that they are the owners of said condominia; that defendant Carro has been holding and enjoying illegally said condominia since 1931; that the condominia belonging to José María, Estela and María Victoria were awarded to Carro in an action for execution of the judgment delivered in civil case No. 14295 prosecuted before the former District Court of San Juan by this same Carro against plaintiffs herein, their brothers and sisters and their father Francisco Colón Villareal; that the judgment as well as its execution and further proceedings in said suit are null and void. This alleged nullity is based, in brief, in that (*a*) the court did not have jurisdiction over José María, María Victoria and Estela Colón, then minors, because the summons served on them in said suit were void, (*b*) the judgment delivered against said minors included $200 as costs and attorney's fees while in the order of execution said amount was in-

creased to $250, (c) the claim raised by Carro in said suit was based on a deed of acknowledgment of debt and mortgage executed by the father of the minors, on their behalf, without having judicial authorization to do it, (d) notwithstanding that in a deed to compromise the aforesaid suit it was stated that minors José María, Estela and María Victoria had to pay $301.50, the judgment entered against them was for $1,457 as principal, plus interests and $200 as costs and attorney's fees. As regards Ramona Francisca, it was averred that in the aforesaid deed of compromise (Deed No. 60 executed on June 11, 1931, before Notary José E. Díaz) her brother Juan Tomás Victorio Colón appeared as her attorney-in-fact conveying her interest to Carro in payment of a debt, although she had not granted such power to her brother.

As another cause of action plaintiff claimed the fruits yielded or that should have been yielded by their respective condominia.

Defendant Carro answered admitting that he had acquired the interests or condominia belonging to José María, María Victoria and Estela Colón in the action for the execution of the judgment entered in civil case No. 14295, and as regards the other interest of Ramona Francisca, he admitted that although the latter's brother was not empowered to assign her interest to Carro, she subsequently ratified her brother's acts. He denied almost all the other facts alleged and contended, as a defense, that since 1931 when he came in possession of the land, he has been paying to the Federal Land Bank of Baltimore with his own money a mortgage charged upon said property by the plaintiffs, their brothers and sisters and their father.

After the trial on the merits, the court *a quo* entered judgments dismissing the complaint after stating the following findings:

"From the whole evidence offered this Court finds that it has been proved satisfactorily that on April 16, 1920, and before

Notary Ignacio Morales Acosta, of Naranjito, and by way of deed No. 31, Francisco Colón Villareal, married to María Wistremunda Rivera, purchased from Antonio Carro Rivera a rural property located at Barrio Cuchillas in Corozal, P. R., measuring some three hundred and forty cuerdas of land, which property, described in the amended complaint is involved in this litigation. (Exhibit 3 by the plaintiffs.) The proof satisfies the Court that on that same day of April 16, 1920, the purchasers, Francisco Colón Villareal and his wife María Wistremunda Rivera, acknowledged that they owed Antonio Carro the amount of $12,250 which he had lent them and that the spouses secured the payment of the loan by mortgaging the property located at Barrio Cuchillas in Corozal, said transaction being the object of the aforesaid deed No. 31. This acknowledgment of indebtedness made by the spouses Colón Rivera was set forth in a document executed before the same Notary Ignacio Morales Acosta. (See defendants' exhibit 1.) This loan was made by Antonio Carro to the aforesaid spouses as a means of helping them to purchase the property at Barrio Cuchillas in Corozal. However, said indebtedness was set forth in a private deed. María Wistremunda, also known as María Victoria Rivera, who was married to Francisco Colón Villareal, died thereafter and upon her death her children, some of legal age and other minors, inherited her proportional interest in the property involved in this litigation. They also inherited their predecessor's debts as provided by law. The evidence shows that the debt of María Victoria Rivera estate arose when said lady and her husband, Francisco Colón Villareal, purchased the property contended for in this suit. (See Antonio Carro's testimony and exhibits 2, 3, and 4 for the plaintiff and defendant's exhibit 1.) When María Victoria died, part of the debt which was later collected by the defendant Antonio Carro was still outstanding.

"The complaint avers that the minors' father, without authorization by a court, acknowledged the existence of the debt in a deed, in his own name and on behalf of his minor children. No doubt, the minors' father could acknowledge no debt whatsoever on behalf of said minors without being authorized by court with jurisdiction, but this Court understands that this issue is not vital in this controversy inasmuch as the facts, as shown by the evidence, indicate the real existence of a debt which was not secured by any lien over the property purchased by the plaintiffs' parents and further indicate that when María

Victoria died part of said indebtedness was still outstanding and that when defendant Antonio Carro collected the aforesaid debt by means of the ordinary legal proceedings, sued all the heirs who were debtors, including the minors, now plaintiffs, he did so directly through a valid judicial proceeding. The fact that the father and some of the children who were of age attempted, after the mother had died, to charge a lien upon the property to secure the payment of the remainder of the debt does not mean that such indebtedness was void even if the attempted act was null and void, as it actually was, insofar as the minors are concerned. Plaintiffs' averments, based on the theory that a parent cannot, without authorization by a court, validly create or charge a lien upon real property belonging to his minor children, has no bearing on this controversy, to the understanding of the court.

"It is contended that the ordinary action, which for the Collection of Debt brought Carro against María Victoria Rivera's heirs, based on the debt acknowledged in the deed executed before Notary Crosas and which bears No. 401 (Plaintiffs' exhibit 4), is null and void as there was no authorization by a court. Said deed was executed with the express design to create a second mortgage to secure the debt set forth in defendant's Exhibit 1, but such design had no legal consequences as regards the minors because no legal authority was obtained previously from a court of justice. Said mortgage was neither recorded, nor validly made, nor foreclosed.

"As regards Ramona Francisca Colón's interest, who granted no power to her brother Juan Tomás Victorio Colón to appear for her in the act for payment of debt set forth in deed No. 60 before Notary José E. Díaz (Plaintiffs' exhibit 8), Carro prayed the District Court of San Juan in the ordinary action for Collection of Debt, Civil Case No. 14295, to summon Ramona Francisca Colón, in accordance with statutory requirements, by publication, requesting her to appear and advance any reason she might have to relieve her from the joint obligation under the judgment delivered in such case, whereupon the summon by publications was made and the District Court of San Juan rendered judgment on April 3, 1934, against said Ramona Francisca Colón determining that she was a party to the suit and that she was jointly bound with the other defendants to pay the judgment. The absence of a written power under which her brother, Juan Tomás Victorio Colón, could validly appear

on behalf of Ramona Francisca Colón in deed No. 60 executed before Notary José E. Díaz was thereby cured.

"By means of their condition as heirs, plaintiffs acquired their interests in the property now sued on and, in addition, they became liable for the debt of their predecessor in equal shares. But regardless of the effort made by the father of the plaintiffs and by some of his children to acknowledge the genuine debt of María Victoria, by means of deeds, which so long as they refer to minors and to a person not represented by a legal power, were null and void, Francisco Colón Villareal as well as the heirs of María Victoria Rivera, some of whom are the plaintiffs, were bound to pay the said debt. Defendant thereafter instituted a valid proceeding, an action for the Collection of Debt, before the District Court of San Juan, Civil Suit No. 14295 of that court, and in said case all parties were summoned and had the opportunity to claim all their rights. The interest in the land of each one of the plaintiffs was sold at a public auction as a result of such suit and the defendant acquired them at the public sale. The Court deems that this case does not involve the question of determining the validity of the acknowledgment made by the father on behalf of his minor children, of a debt of his own and his deceased wife, who happens to be the mother of the plaintiffs. Nor must we decide whether Ramona Francisca Colón was validly represented by her brother Juan Tomás Victorio in the deed executed before Notary José E. Díaz. All those acts were null and void insofar as they intended to acknowledge the valid debt left by María Victoria at her death. As Mr. Justice Snyder would say, 'No party has a vested interest in the grammatical and procedural errors of his adversary.' Carro collected his credit in a judicial proceeding pursued in accordance with legal provisions, in the civil case above mentioned and heard before the District Court of San Juan." .

On appeal, plaintiffs aver that the court *a quo* committed seven errors. Appellants themselves discuss the first, second, third and seventh assignments together which are summarized as follows: "These four errors have one common ground: the nullity, and not only the nullity, but the non-existence of the acknowledgment of debt and of the establishment of the Second Mortgage set forth in deed No. 401 of December 31, 1924, executed before Notary Andrés B. Cro-

sas, insofar as the joint ownerships of plaintiffs-appellants is concerned, and also the nullity, inefficacy and nonexistence or illegality of all subsequent acts made by the defendant-appellee on the basis of such deed."

Appellee admits that the mortgage which the heirs of María Wistremunda Rivera attempted to constitute in the name of Carro, by means of the aforesaid deed No. 401, is void, and it was never recorded, and that, as a question of law, it never had any legal effect as concerns the minors, since the deed itself shows that the father of the minors had not been authorized by the court to execute such mortgage in their name. However, Carro never foreclosed said mortgage. Civil case No. 14295 was an ordinary action for the Collection of Debt. The amount claimed in that suit was the remainder of the original debt incurred by the parents of the plaintiffs herein when they purchased the property from Carro. That original debt was set forth in a document verified before a notary in April 1920. Deed No. 401, executed in 1924, operated, at least, as an acknowledgment by the father in his own name and in the name of his minor children of the remainder of the debt in favor of Carro, as to the date of its execution. To make that acknowledgment, the father needed no judicial authorization, in view of the circumstances above noted, and the amount involved. *Fonseca* v. *Molina et al.*, 39 P.R.R. 525 and *Guadalupe* v. *Rodríguez*, 70 P.R.R. 914. Furthermore, even if such were not the case, the fact still remains that the original debt became due in 1927 and that Carro filed his action to recover the remainder thereof four years later, namely, in 1931. The errors assigned were, therefore, not committed.

Under the fourth and fifth assignments of error it is alleged that the court *a quo* erred in giving judgment against Ramona Francisca Colón since she never granted any power to her brother Juan Tomás Victorio Colón to appear in deed No. 60 confessing her debt and to assign her share to Carro. There is no controversy as to the fact that

such power of attorney was never granted. Therefore, the assignment of plaintiff's share as payment was null and void. But as long as she was sued as a joint debtor in the action filed against her in suit No. 14295 pursuant to §§ 96, 307 and 312 of the Code of Civil Procedure, and in the judgment rendered she was included as a party to the suit and jointly bound with the other defendants to pay the judgment rendered, the lower court found that "The absence of a written power under which her brother Juan Tomás Victorio Colón could validly appear on behalf of Ramona Francisca Colón in deed No. 60 executed before Notary José E. Díaz, was cured." As part of its findings the court *a quo* points out that in civil suit No. 14295 the share of each one of the plaintiffs was sold at a public auction and the defendant Carro acquired said shares at a public sale. We have found no evidence in support of these findings. The only condominia sold at the public auction and awarded to Carro were those of María Victoria, José María and Estela Colón. This sale took place on November 17, 1931. The judgment against Ramona Francisca was delivered in April 1934. But there is no record whatsoever to the effect that the share of said plaintiff was sold at public auction and awarded to Carro in execution of said judgment.

The credit acquired by Carro as a result of the judgment against her does not vest him with title over her share. Therefore, Carro has been possessing illegally the share of plaintiff Ramona Francisca Colón and it was an error to dismiss the complaint as to her.

█ In their argument to the sixth assignment of error appellants argue that in suit No. 14295 the minors were not legally summoned inasmuch as a copy of the complaint and a copy of the summons, one for each one of them, was not delivered to each and every one of said minors and to their father. We see no merits in this contention. The documentary evidence shows that the Marshal for the District Court of Bayamón delivered to each one of the defendants

at their own residence a copy of the summons and a copy of the complaint, and it further shows that a person other than a marshal served a copy of the complaint and of the summons on both the minors María Victoria and Estela Colón personally and on their father Francisco Colón. Under such circumstances it cannot be held that the mentioned minors were not legally and validly summoned. *Guadalupe* v. *Rodríguez, supra.*

█ The contention to the effect that the amount awarded by the judgment to pay costs and attorney's fees is less than the amount set forth for these purposes in the order for the execution of the judgment, is likewise untenable. The difference amounts to $50. However, the condominia of the three minors were sold and awarded to Carro for $200, the judgment against them being for $1,447.50. That numerical error does not render the execution of the judgment void.

For the reasons stated the judgment appealed from will be reversed as regards plaintiff Ramona Francisca Colón Rivera and affirmed as to the other appellants. The case will be remanded for the lower court to enter the proper judgment in favor of said plaintiff in accordance with the pleadings of the parties and the evidence presented by them.

Mr. Justice Ortiz did not take part in the decision of this case.

Mr. Justice Belaval concurs in the result.